UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY N. HATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00858-TWP-TAB |
| | ) | |
| CHRISTOPHER SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AMENDED COMPLAINT
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Timothy Hatton is a prisoner currently incarcerated at New Castle Correctional Facility. Upon his request in Case No. 1:22-cv-1417-MPB-MKK, the Court severed his misjoined claims against defendants Smith and Thompson and then dismissed his claim against Thompson. Dkt. 16. The Court's attempt to serve process on defendant Smith have been unsuccessful. In the meantime, Mr. Hatton filed an amended complaint which the Court now screens pursuant to 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The amended complaint names eleven defendants: Christopher Smith, Disciplinary Hearing Officer Thompson, Lt. Storms, Major Davis, Sgt. Bumbalo, John Rutherford, Jennifer French, Brian Vandevort, Mark Sevier, GEO Inc., and Shayne Nelson.

The amended complaint again alleges that in July 2022, Christopher Smith placed Mr. Hatton in a "rec cage" without a bathroom. Lt. Storms had ordered Mr. Smith to do this. Mr. Hatton was held in the cage for many hours. Mr. Hatton told Mr. Smith that he had to use the restroom, but Mr. Smith just laughed and left him there, ultimately leading to Mr. Hatton urinating on himself. Mr. Smith then wrote Mr. Hatton up on a Class A disciplinary charge for bodily fluids.

Mr. Thompson, the disciplinary hearing officer who presided over Mr. Hatton's disciplinary hearing for bodily fluids, found Mr. Hatton guilty even though he understood that Mr. Hatton had been forced to soil himself because Mr. Smith left him without access to a restroom.

The amended complaint adds the following allegations. In addition to the bodily-fluids write up, Mr. Hatton received three other retaliatory write-ups and was found guilty of them even though he had proven his innocence. Hearing Officer Thompson told Mr. Hatton that GEO had ordered him to find Mr. Hatton guilty. Lt. Storms also ordered these actions.

On September 2, 2022, Sgt. Bumbalo placed Mr. Hatton in a recreation cage and left him there for four hours without access to a bathroom.

Starting in July 2022, Mr. Hatton wrote to Superintendent Sevier, Brian Vandevort, Jennifer French, Major Davis, and Shayne Nelson about the retaliation, harassment, and other constitutional violations he was experiencing, but they did not investigate or respond. GEO is aware of the misconduct of its employees but turns a blind eye.

After Mr. Hatton complained to Mr. Smith's supervisors, Mr. Smith began retaliating against Mr. Hatton by withholding his meals, sexually harassing him, and neglecting him. On February 15, 2023, John Rutherford said he was ordered by GEO to find Mr. Hatton's sexual harassment report against Mr. Smith to be unfounded and to charge Mr. Hatton with making a false claim. Mr. Rutherford did not even investigate Mr. Smith's claim though.

Mr. Hatton seeks injunctive relief and compensatory and punitive damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the amended complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, all claims related to false disciplinary convictions are **dismissed** for failure to state a claim. Mr. Hatton does not have a constitutional right to avoid false disciplinary charges. *Lagerstrom v. Kingston*, 463 F.3d 621, 624-25 (7th Cir. 2006) (due process rights are not violated if a false conduct report is filed). Furthermore, before recovering damages for any false disciplinary conviction, he would have to successfully overturn those convictions. A civil claim—whether proceeding under § 1983 or state law—is barred by the *Heck v. Humphrey*, 512 U.S. 477, 487–88 (1994), if a favorable judgment for the plaintiff "would necessarily imply the invalidity of his conviction or sentence," unless the conviction has already been overturned. Mr. Hatton alleges that he was not guilty of any of the charges. Success on this basis would necessarily imply that his disciplinary convictions were invalid. *See Brown v. Sommers*, 134 F.3d 374, at *2 (7th Cir. 1998)

("Brown's theory seems to be that he did not violate prison rules as defendants charged, but that he was charge[d] with violating prison rules in retaliation for his filing grievances against Sommers. Because Brown's theory of retaliation implies the invalidity of his disciplinary convictions, his retaliation claim is barred by *Heck*.).

Second, all claims against Sgt. Bumbalo are **dismissed** for failure to state a claim. The only factual allegation against Sgt. Bumbalo is that he placed Mr. Hatton in a recreation cage for four hours without access to a bathroom. Mr. Hatton does not allege that any harm occurred as a result. *See Doe v. Welborn*, 110 F.3d 520, 523 (7th Cir. 1997) (holding that allegations of failure to prevent exposure to risk of harm do not entitle a plaintiff to relief because in such a case no harm has ever materialized).

Third, any claim against John Rutherford based on allegations that he failed to investigate Mr. Hatton's sexual harassment report are **dismissed** for failure to state a claim. "[T]he Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened." *Garness v. Wis . Dep 't of Corr.*, 2016 WL 426611, at *2 (W.D. Wis. Feb. 3, 2016) (citing *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

Fourth, all claims against defendants Sevier, Vandevort, French, Davis, and Nelson are **dismissed** for failure to state a claim. The only factual allegation against these defendants is that they did not take action after receiving Mr. Hatton's complaints about the other defendants. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).

Finally, Mr. Hatton's First Amendment retaliation claim against Mr. Smith and Eighth Amendment claims against Mr. Smith and Lt. Storms and his policy and practice claim against GEO **shall proceed** as pleaded in the amended complaint. This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 16, 2024,** in which to identify those claims.

The **clerk is directed** to add Lt. Storms and GEO Group, Inc. as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Smith, Storms, and GEO in the manner specified by Rule 4(d). Process shall consist of the amended complaint (dkt. [20]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. The clerk is directed to mail a courtesy copy of the service documents to attorney Adam Forrest.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 4/18/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TIMOTHY N. HATTON
231193
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Christopher Smith, employee
NEW CASTLE CORRECTIONAL FACILITY
1000 Van Nuys Road
NEW CASTLE, IN 47362
Lt. Storms, employee
NEW CASTLE CORRECTIONAL FACILITY
1000 Van Nuys Road
NEW CASTLE, IN 47362

The GEO Group, Inc.
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN  47362

The GEO Group, Inc.
c/o CORPORATE CREATIONS NETWORK INC.
8520 Allison Pointe Blvd #220
Indianapolis, IN, 46250

Courtesy copy to:
Adam Garth Forrest
BBFCS ATTORNEYS
27 North Eighth Street
Richmond, IN 47374